IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LETICIA A. PENA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION NO. 5:19-cv-508 |
| HYATT CORPORATION D/B/A HYATT | ) | |
| REGENCY HILL COUNTRY RESORT | ) | |
| AND SPA AND NADER ZARIFAH, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANT HYATT CORPORATION'S NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW, Defendant Hyatt Corporation (**"Hyatt Corporation"** or **"Defendant"**), and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), removes this case from the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this removal, Hyatt Corporation respectfully offers this Court the following:

**I.**
**BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

**1.**     In this premises-liability case, Plaintiff Leticia A. Pena (**"Plaintiff"**) alleges she "was injured due to a foreign substance on the premises of the Hyatt Regency Hill Country Resort and Spa[.]" *See* **Exhibit B** (Pl. Orig. Pet.) at ¶¶IV-VI. On April 12, 2019, Plaintiff filed this lawsuit in the 57th Judicial District Court of Bexar County, Texas. *See* **Exhibit B**. Plaintiff joined two defendants in the lawsuit: **(1)** Hyatt Corporation; and **(2)**

Nader Zarifah. According to Plaintiff, she joined Nadir Zarifah as a defendant merely because he "was the front office manager" and therefore allegedly, along with Hyatt Corporation, had the exclusive right to control the premises on which Plaintiff was injured. *See id.* at ¶¶IV-VI. As addressed in further detail below, Hyatt Corporation now timely files this Notice of Removal because Mr. Zarifah is improperly joined as a defendant, and Hyatt Corporation is a foreign corporation.

## II.
### REMOVAL IS TIMELY

**2.** Hyatt Corporation accepted service of Plaintiff's Original Petition on April 23, 2019. *See* **Exhibit C.** Pursuant to 28 U.S.C. §1446(b)(3), Hyatt Corporation now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, this case is being removed within one year of commencement of the action, as required under 28 U.S.C. §1446(c)(1).

## III.
### GROUNDS FOR REMOVAL

**4.** Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

**A.** **Amount in Controversy Exceeds $75,000**

**5.** The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00. Plaintiff is seeking to recover damages for: **(a)** past physical pain and mental anguish sustained; **(b)** future physical pain and mental anguish; **(c)** past physical impairment; **(d)** future physical impairment; **(e)** past disfigurement; **(f)** future disfigurement; **(g)** past

medical care expenses; and **(h)** future medical care expenses. *See* **Exhibit B** at §§VIII-IX. Plaintiff also requests exemplary damages. *Id.* at ¶X. According to Plaintiff's Petition, "damages may be in excess of One Hundred Thousand Dollars ($100,000)." *Id.* at ¶I.

**B.** **Complete Diversity of Citizenship.**

**6.** There is also complete diversity of citizenship between all properly-joined parties to this lawsuit.

    **a.** Plaintiff is a citizen of Texas because she resides in Bexar County, Texas. *Id.* at ¶II.

    **b.** Hyatt Corporation is a citizen of Delaware and Illinois because it is a Delaware corporation with its principal place of business in Chicago, Illinois. *See* 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Hyatt Corporation is *not* a citizen of Texas. *Id.*

    **c.** Defendant Nadir Zarifah did not individually own, possess or control the premises at issue, and Plaintiff has not alleged (and cannot establish) Mr. Zarifah owed a separate duty to Plaintiff apart from that of Mr. Zarifah's employer, Hyatt Corporation. Mr. Zarifah's citizenship must therefore be disregarded because he is improperly joined as a defendant. *See, e.g., Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005) (holding an employee is not liable for his own acts or omissions within his capacity as an employee where he did not owe a duty separate and apart from that of his employer); *Mitchell v.*

*Family Dollar Stores of Tex., LLC*, No. H-17-2831, 2017 WL 5749589, at \*2 (S.D. Tex. Nov. 28, 2017) (denying motion to remand because the plaintiff "has not alleged that Miller breached any duty other than her duties as an employee of Family Dollar. Because no independent duty is alleged, [the plaintiff] fails to state a plausible claim against Miller, and Miller is therefore not a properly joined defendant.").

## IV.
### CONSENT

**7.**     The consent of Hyatt Corporation's co-defendant, Nadir Zarifah, is not required for removal because, as outlined above, Mr. Zarifah has been improperly joined in this lawsuit. *See, e.g., Rico v. Flores*, 481 F3d 234, 239 (5th Cir. 2007) (explaining consent of an improperly-joined defendant is not required); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993) (same).

## V.
### VENUE IS PROPER

**8.**     Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the Bexar County Judicial District Court is within the district and division of the United States District Court of the Western District of Texas, San Antonio Division. *See* 28 U.S.C. §124(d)(4).

# VI.
## HYATT CORPORATION HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

**9.**     As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Hyatt Corporation are attached to this Notice of Removal, and includes the following:[1]

- **Exhibit A:** Docket sheet from State court;

- **Exhibit B:** Plaintiff's Original Petition;

- **Exhibit C:** Proof of Service on Hyatt Corporation; and

- **Exhibit D:** Hyatt Corporation's Original Answer.[2]

**10.**     Upon filing this Notice of Removal, Hyatt Corporation will also file its Corporate Disclosure Statement, as required under Federal Rule of Civil Procedure 7.1.

**11.**     On filing of this Notice of Removal, Hyatt Corporation will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

**12.**     In the event this Court subsequently identifies a defect in this Notice of Removal, Hyatt Corporation respectfully requests this Court to grant Hyatt Corporation leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of

---

[1] The State court judge(s) has not signed any orders in this case.

[2] On May 2, 2019, Hyatt Corporation filed an Answer in the State court proceeding. *See* **Exhibit D**; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

**13.**     By filing this Notice of Removal, Hyatt Corporation does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

**14.**     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VII.
### CONCLUSION

WHEREFORE, Defendant Hyatt Corporation represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 57th Judicial District Court of Bexar County to the United States District Court for the Western District of Texas, San Antonino Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN, P.L.L.C.**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By: *_/s/ Ryan C. Bueche_*
    Ryan C. Bueche
    State Bar No. 24064970
    rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANT**
**HYATT CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via facsimile and/or electronic mail on this 13th day of May, 2019.

_/s/ Ryan C. Bueche_
Ryan C. Bueche